IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AARON J. RAY                                                                   PLAINTIFF

vs.                                Civil No. 3:15-cv-03111

CAROLYN W. COLVIN                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Aaron J. Ray ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

     The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

     Plaintiff protectively filed his disability application on May 22, 2012. (Tr. 12, 267-272). In his application, Plaintiff alleges being disabled due to his back, arms, depression and bipolar. (Tr. 309). Plaintiff alleges an onset date of September 29, 1978. (Tr. 12, 267). This application was denied initially and again upon reconsideration. (Tr. 12).

     After Plaintiff's application was denied, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 154-156). Thereafter, on August 6, 2013 and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

June 24, 2014, the ALJ held administrative hearings on Plaintiff's application. (Tr. 44-104, 105-136). At these hearings, Plaintiff was present and was represented by Rick Spencer. *Id.* Plaintiff and Vocational Experts ("VE") Sarah Moore and Zachariah Langley testified at these hearings. *Id.* During this hearing, Plaintiff testified he was born on September 29, 1978. (Tr. 113). As for his education, Plaintiff testified he did not graduated high school or complete a GED. *Id.*

On August 28, 2014, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 12-28). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 22, 2012, his application date. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had the following severe impairments: history of left wrist fracture, cervical spondylosis, learning disorder, and schizophrenia versus bipolar disorder in partial remission with medication. (Tr. 14, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-25). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except he can handle and finger occasionally with his left upper extremity; limited to jobs that do not require written communication; able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete. (Tr. 16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 5). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 27,

Finding 9).  The VE testified at the administrative hearing on this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) cotton classer aide with 3,798 such jobs in the nation and 97 such jobs in Arkansas, (2) sandwich board carrier with 7,306 such jobs in the nation and 54 such jobs in Arkansas, and (3) school crossing guard with 21,828 such jobs in the nation and 50 such jobs in Arkansas.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since May 22, 2012.  (Tr. 28, Finding 10).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 7).  On October 20, 2015, the Appeals Council denied this request for review.  (Tr. 1-6).  On November 6, 2015, Plaintiff filed his Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 9, 2015.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10, 16.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ,

the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred in RFC determination, and (2) the ALJ erred in determining severe impairments. ECF No. 10 at 9-15. Because the Court finds the ALJ erred by failing to find his back pain was a severe impairment, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to back pain. In December of 2011, Plaintiff was thrown from the horse and soon after was complaining of back pain. (Tr. 506, 508). On July 25, 2012, Plaintiff underwent a consultative exam by Dr. Anandaraj Subramanium. (Tr. 531-536). A

history indicated Plaintiff fell off of a roof and injured his back and back pain has been a problem ever since. (Tr. 531). On physical exam Plaintiff's hips were limited to 90 degrees flexion and he had restricted range of motion in the lumbar spine as well. (Tr. 533). Also, Plaintiff was seen on September 29, 2012 by Dr. Clara Applegate for among other things, back pain. (Tr. 609-612). Plaintiff indicated he has 6/10 pain on average in his back. *Id.* Finally, following Plaintiff's hearing, records were submitted from October 2014 to the Appeals Council showing MRI results of Plaintiff's lumbar spine at L4-5 which indicated a protruding disc causing central canal and neural foraminal narrowing associated with mild degenerative changes in the lower lumbar area. (Tr. 839).

Based upon these records, the Court finds this evidence is sufficient to meet the lower standard for demonstrating Plaintiff's back pain as "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of November 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE